IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| NELSON ALLEMAN, on behalf of himself and others similarly situated, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION FILE NO.  2:10-cv-142-WCO |
| v. | : : : | PLAINTIFF DEMANDS TRIAL BY JURY |
| GENTIVA HEALTH SERVICES, INC., | : : : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Nelson Alleman respectfully shows the Court the following:

### INTRODUCTORY STATEMENT

1.

This case arises out of Defendant Gentiva Health Services Inc.'s failure to properly classify and compensate certified respiratory therapists in its employ, including Plaintiff, as "non-exempt" employees under the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. § 201, *et seq.* As a result of Defendant's improper classification of the respiratory therapists it employed, many of them,

1

including Plaintiff (a former employee), were not paid the overtime compensation that they are guaranteed under the Act.

2.

Plaintiff brings this case as a collective action under the Act on behalf of all persons who, at any time during the past three (3) years and up until the date of entry of judgment in this action, are or were employed by Defendant as certified respiratory therapists and worked in that capacity at Defendant's instance, request, or allowance more than 40 hours per week but were not paid time and one-half for those excess, overtime hours as required by the Act.

## JURISDICTION

3.

The Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4.

Defendant may be served pursuant to Federal Rule of Civil Procedure 4(h) by service upon its registered agent in the State of Georgia, Blumberg Excelsior Corporate Services, Inc., after which service, Defendant shall be subject to the *in personam* jurisdiction of this Court.

2

## VENUE

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is a corporation that is deemed to reside in this judicial district under 28 U.S.C. § 1391(c) and a substantial part of the events giving rise to Plaintiff's claim against Defendant occurred in this district.

6.

Venue in the Gainesville Division of the Northern District of Georgia is proper because all or part of the activity at issue occurred within this division. LR 3.1 B.(3), NDGa.

## PARTIES

### Plaintiff

7.

Plaintiff is a certified respiratory therapist ("CRT") and was employed as such by Defendant from sometime in 2006 through January 31, 2010.

### Defendant

8.

At all times relevant, Defendant has been a Delaware corporation but has maintained offices and conducted substantial business in Georgia. Defendant

3

registered with the Georgia Secretary of State to do business in Georgia on March 10, 2009.

9.

Defendant is an employer as defined by § 3(d) of the Act, 29 U.S.C. § 203(d).

10.

Defendant is one of the nation's largest providers of comprehensive home health services. Defendant maintains more than 350 branch offices in 39 states and had revenues of over $1 billion in 2009. During all times relevant to this action, Defendant provided respiratory products and other home medical equipment to its customers (a line of business of which it divested itself in early 2010). Defendant is thus an enterprise engaged in interstate commerce pursuant to §3(s) of the Act, 29 U.S.C. § 203(s)(1)(B) because its annual gross sales or business done exceeds $500,000.00 and its "employees handl[e], sell[], or otherwise work[] on goods or materials that have been moved in or produced for commerce by any person."

11.

Defendant is governed by and subject to §7 of the Act, 29 U.S.C. §207.

4

## STATEMENT OF FACTS

### Defendant's Violation of Plaintiff's Rights under the Act

12.

While employed by Defendant as a CRT, Plaintiff's job duties required him to set up, in a home, hospital, or healthcare facility, new medical equipment prescribed by a physician and ordered from Defendant, and to exchange and set up new medical equipment for allegedly defective equipment obtained from Defendant that was in use at a home, hospital, or healthcare facility.

13.

At all times while in Defendant's employ, Plaintiff's regularly-scheduled workday lasted from 8:30 a.m. until 5:00 p.m. Plaintiff understood that this 8 ½ hour workday included a thirty (30) minute meal break, such that his normal, scheduled workweek consisted of five (5) eight (8) hour workdays, which he worked between the hours of 8:30 a.m. and 5:00 p.m.

14.

In addition to working his regularly-scheduled 40-hour workweek, during his employment with Defendant, Plaintiff's superiors (who were also employees of Defendant) required or permitted Plaintiff to perform compensable work during his meal break and, regularly, to work in excess of 40 hours in a given workweek by

5

performing compensable "after hours" work on Defendant's behalf, i.e., by responding to calls and servicing the needs of Defendant's customers after 5:00 p.m., the time at which his regularly-scheduled workday ended.

15.

For example, on January 18, 2008, after working a full eight-hour shift, Plaintiff was dispatched by Defendant's after-hours answering service to perform work for Defendant's benefit at the home of one of Defendant's customers. Plaintiff's travel to and from, and work at, that customer's home totaled 4.5 hours, and he thus worked a total of 12.5 hours that day. Plaintiff was paid for his mileage expense in traveling to and from the customer's home, but he was never compensated for the 4.5 hours of overtime that he worked. As of January 18, 2008, Plaintiff was earning a base, regular wage of $25.29. Plaintiff's compensable work for the week of January 18, 2008, was not less than 44.5 hours, yet Plaintiff was only compensated for 40 hours of work for that week. Defendant's failure to pay Plaintiff for compensable overtime hours worked by Plaintiff as described by this paragraph was regularly repeated throughout Plaintiff's employment with Defendant. A true and correct copy of Plaintiff's "route sheet," which evidences his overtime work on January 18, 2008, is attached to the Complaint as Exhibit 1.

6

16.

From the date on which he began working for Defendant through August 14, 2009, Defendant misclassified Plaintiff as an "exempt," salaried employee under the Act.

17.

Defendant did not pay Plaintiff any overtime wages, even though he often worked more than 40 hours per week and should not have been classified as an "exempt" employee. A true and correct copy of Plaintiff's timecard for the pay period ending on August 14, 2009, is attached to this Complaint as Exhibit 2 and shows that Plaintiff was misclassified as of that date as an "Exempt" employee.

18.

On or about August 15, 2009, without notice or explanation, Defendant re-classified Plaintiff as a "non-exempt" employee and changed him from a salaried to an hourly employee. A true and correct copy of Plaintiff's pay stub for the period ending August 28, 2009, is attached to this Complaint as Exhibit 3 and shows that Plaintiff was re-classified as of that date as a "Non-Exempt" employee.

19.

The referenced August 2009 change in classification, should have resulted in Plaintiff's being properly compensated for his prior unpaid overtime under the Act

7

and for his overtime moving forward. But Defendant did not compensate and has not compensated Plaintiff for the overtime hours he worked prior to August 15, 2009, and Defendant did not fully pay Plaintiff overtime wages after August 15, 2009, because, shortly after the re-classification, one of Plaintiff's superiors instructed him to simply "write down 40 hours per week," or words to similar effect, regardless of the number of hours he actually worked.

20.

Prior to Defendant's re-classifying Plaintiff as a "non-exempt" employee, Plaintiff worked no less than 465.5 compensable overtime hours for which he received no compensation whatsoever from August 1, 2007, through and including August 14, 2009.

21.

After Defendant re-classified Plaintiff as a "non-exempt" employee, from August 15, 2009, through and including January 31, 2010, Plaintiff worked no less than 79 hours of additional compensable overtime but received compensation at the rate required by the Act for only 16 of those hours.

22.

Because the Act requires that a non-exempt employee be compensated at a rate of one and one-half times his regular rate for all hours worked over 40 in a

8

given workweek, Defendant violated the Act by failing and refusing to compensate Plaintiff at the statutory rate for the overtime hours identified above, as well as by failing and refusing to compensate him appropriately for compensable work performed during his "meal break."

23.

During all relevant times, Plaintiff was employed by an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 3(s) of the Act, 29 U.S.C. §§ 206-207.

24.

Pursuant to Section 16(b) of the Act, 29 U.S.C. § 216(b), Plaintiff has executed and filed with the Court his consent to be a party plaintiff in this case. (Compl. Ex. 4). Should additional, similarly-situated plaintiffs seek to join this action, then Plaintiff's counsel will cause their consents to be filed with the Court.

FLSA Collective Action Allegations

25.

Defendant intentionally misclassified as "exempt" Plaintiff and other CRTs within its employ from the commencement of Plaintiff's employment until August 15, 2009, or such other date as the evidence shall show.

9

26.

Upon information and belief, during the relevant time period, Defendant employed approximately ten (10) CRTs in Georgia and several times that many CRTs throughout the United States.  Plaintiff held one such position and is aware of at least one (1) other CRT who was similarly mis-classified during his employment with Defendant as "exempt."

27.

Upon information and belief, Plaintiff alleges that numerous other CRTs were misclassified by Defendant as exempt employees and not paid overtime wages in violation of FLSA ("the collective action group").  The collective action group is similarly situated to Plaintiff. Those former or current employees would benefit from the issuance of a Judicial Notice of this lawsuit and the opportunity to join and participate in it pursuant to 29 U.S.C. § 216(b).

28.

Plaintiff and members of the collective action group are similarly situated because they all have substantially similar job requirements and pay provisions and were subjected by Defendant to a common practice, policy, or plan that required or permitted them to perform more than 40 hours of work per week as CRTs for Defendant's benefit without receiving the compensation required by the Act.

10

29.

The identities of members of the collective action group are known to Defendant and can be located through Defendant's employment records.

30.

Plaintiff and the collective action group should be permitted to pursue their claims collectively pursuant to 29 U.S.C. § 216(b).

31.

A collective action represents the most efficient mechanism for adjudicating the FLSA claims of Plaintiff and the collective action group.

32.

Plaintiff requests that he be permitted to serve as the representative of any and all similarly-situated CRTs who consent to participate in this action and, pursuant to 29 U.S.C. § 216(b), that this lawsuit be granted collective action status.

## CLAIM FOR RELIEF

33.

Plaintiff incorporates the preceding paragraphs of this Complaint in this Claim for Relief by reference as if they were fully stated herein.

34.

Defendant has willfully engaged in a widespread pattern and practice of violating the Act by failing and refusing to pay overtime wages as required by law to CRTs, who are non-exempt employees under the Act. By failing to pay the overtime compensation required by law to those CRTs who earned it, including Plaintiff, Defendant willfully violated the Act.

35.

Plaintiff and those similarly situated to him are appropriate persons to seek redress for such violations because they are "employees" under Section 16(b) of the Act, 29 U.S.C. § 216(b).

36.

Plaintiff and the members of the collective action group were not and are not employed by Defendant in an executive, administrative, or professional capacity pursuant to 29 U.S.C. § 213(a)(1) and were not and are not subject to any other exemptions contained in the Act or in any regulations interpreting the Act.

37.

Defendant has damaged Plaintiff and the members of the collective action group by unlawfully, knowingly and willfully denying overtime wages to them in violation of the Act.

12

38.

Defendant has not made a good faith effort to comply with the Act. By virtue of an opinion letter issued by the U.S. Department of Labor and attached to this Complaint as Exhibit 5, it has been clear since July 24, 2006, that certified respiratory therapists should generally not be considered "exempt" employees under the Act.

39.

Under the Act, Defendant is liable to Plaintiff and to each member of the collective action group in the total amount of their unpaid overtime wages, and an additional, equal amount as liquidated damages, as well as for reasonable attorneys' fees, costs, expenses of this action, and applicable pre- and post-judgment interest.

40.

Defendant's violation of the Act has been "willful," as defined by the Act, and Defendant's failure and refusal to comply with the Act constitutes a willful violation of § 7(a), 29 U.S.C. 207(a), for purposes of determining the applicable statute of limitations under 29 U.S.C. § 255(a). Defendant's willfulness is shown by, among other things, Defendant's reclassification of Plaintiff from "exempt" to "non-exempt," Defendant's instruction to Plaintiff to "write down 40 hours per week" (or words to that effect), and such other evidence as may be shown.

41.

Plaintiff and those similarly situated to him are therefore entitled to all such unpaid overtime compensation and an additional, equal amount as liquidated damages, for all uncompensated, overtime hours worked by them at any time during the three-year period immediately preceding the filing of this lawsuit.

42.

Under 29 U.S.C. § 211(c) and U.S. Department of Labor Regulations issued in furtherance of that statute, Defendant has a duty to maintain and preserve payroll and other employment records.

43.

Because those records are in Defendant's possession, custody, and control, Plaintiff cannot state precisely at this time the exact amount owing to him under this claim but alleges that he is due substantial compensation from Defendant under the Act.

44.

As a result of Defendant's violations of the Act, Plaintiff and the collective action group have been denied and deprived of overtime compensation in an amount to be determined at trial. Plaintiff and all similarly-situated former employees are entitled to recover that amount, liquidated damages, prejudgment

14

interest, attorneys' fees and costs, and all other compensation afforded them by 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays that this Court:

1. Issue an order certifying this action as a collective action under 29 U.S.C. § 216(b) and designate Plaintiff as the representative of all those similarly situated to him;

2. Authorize Plaintiff to give notice of the collective action, or the Court give notice, itself, of the collective action to all persons who, at any time during the three (3) years preceding the filing of this lawsuit up through and including the date that the Court authorizes issuance of court-supervised notice, have been employed by Defendant as certified respiratory therapists.  Such notice should inform those current or former employees of Defendant who are similarly situated to Plaintiff that this lawsuit has been filed, the nature of the suit, and of their right to join the lawsuit if they believe that they were denied overtime wages;

3. Award Plaintiff and all those similarly situated to him actual damages for their unpaid overtime wages, plus an additional, equal amount as liquidated damages, plus pre- and post-judgment interest at the statutory rate, plus attorneys' fees, costs, and disbursements as provided by 29 U.S.C. § 216(b); and

15

4. Award Plaintiff and all those similarly situated to him any further legal and equitable relief that the Court deems necessary and just, including but not limited to all relief to which Plaintiff is entitled to under the Act.

**Plaintiff hereby demands a jury trial in this matter.**

Respectfully submitted, this 29th day of July, 2010.

**ORR BROWN JOHNSON LLP**

E. Wycliffe Orr, Sr.
Ga Bar No. 554500
Kristine Orr Brown
Georgia Bar No. 554630
Spence Johnson
Georgia Bar No.395469
Dustin Marlowe
Georgia Bar No. 773538

P.O. Box 2944
Gainesville, GA 30503
770.534.1980 t
770.536.5910 f
eworr@orrbrownjohnson.com
kbrown@orrbrownjohnson.com
sjohnson@orrbrownjohnson.com
dmarlowe@orrbrownjohnson.com

**COUNSEL FOR PLAINTIFF**

16