## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

Through this Confidential Settlement Agreement and General Release ("Settlement Agreement"), Nelson Alleman ("Alleman"), Angie Hicks ("Hicks") and Odell Nelson, Jr. ("Nelson") (collectively, "Plaintiffs"), and Gentiva Health Services, Inc. ("Gentiva"), hereby agree to settle the action styled *Nelson Alleman, on behalf of himself and others similarly situated v. Gentiva Health Services, Inc.*, Civil Action No. 2:10-cv-000142-RWS, currently pending in the United States District Court for the Northern District of Georgia (the "Action"), as well as all other claims, known or unknown, Plaintiffs may have or claim to have against Gentiva and/or the other Released Parties (defined below). Collectively, the Plaintiffs and Gentiva shall be referred to as the "Parties."

## I.
## RECITALS

1.      WHEREAS, Alleman filed the Action against Gentiva alleging certain claims relating to his former employment with Gentiva including claims for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2.      WHEREAS, Hicks and Nelson have each filed with the Court notices of their intent to opt into the Action and allege their own FLSA claims;

3.      WHEREAS, Gentiva denies any liability or wrongdoing of any kind associated with Plaintiffs or the claims alleged or that could have been alleged by Plaintiffs.  Gentiva further contends that it has complied with all state and federal compensation laws and that Plaintiffs were properly paid for all hours worked;

4.      WHEREAS, the Parties desire to settle the Action and any and all claims, known or unknown, that Plaintiffs may have or claim to have against Gentiva and/or the other Released

Parties (as defined below), including, but not limited to, any and all claims that were brought or that could have been brought in the Action.

5.      WHEREAS, Plaintiffs agree to cooperate and take all steps necessary and appropriate to effectuate the terms of this Settlement Agreement including, but not limited to, dismissing with prejudice the Action.

6.      NOW, THEREFORE, the Parties, in consideration of the promises, covenants and agreements described in this Settlement Agreement, and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby mutually agree as follows:

## II.
## DEFINITIONS

7.      In addition to the definitions contained within the body of this Settlement Agreement, the following terms shall have the following meanings:

a.      "Court" shall mean the United States District Court for the Northern District of Georgia.

b.      "Plaintiffs' Counsel" shall mean Spence Johnson, Esq. and Orr Brown Johnson LLP, P.O. Box 2944, Gainesville, Georgia 30503.

c.      "Gentiva's Counsel" shall mean Todd D. Wozniak, Esq. and Greenberg Traurig LLP, 3290 Northside Parkway NW, The Forum, Suite 400, Atlanta, Georgia 30327.

d.      "Released Claims" shall mean all claims and rights being released by Plaintiffs pursuant to this Settlement Agreement.

e.      "Released Parties" shall mean Gentiva and all of its subsidiaries, parent

companies, and corporate affiliates, as well as each of their respective current and

former officers, directors, employees, shareholders, agents, attorneys, insurers,

predecessors, successors, assigns, benefit plans, benefit plan fiduciaries and

administrators, and affiliates.

f.      "Released Period" shall mean the period from the start of time to the date

that this Settlement Agreement is fully executed by the Parties.

## III.
## SETTLEMENT PAYMENT

8.      In consideration of Plaintiffs' covenants, promises and releases given herein,

Gentiva agrees to pay Plaintiffs and Plaintiffs' Counsel the collective sum of One-Hundred-

Seventeen-Thousand-Eight-Hundred-And-Fifteen-Dollars     ($117,815.00)     (the     "Settlement

Payment"). The Settlement Payment shall be paid in seven separate checks as follows:

a.      Gentiva shall issue separate checks to Plaintiffs for alleged backpay, less

Plaintiffs' share of applicable withholdings, in the following gross amounts:  (i)

Alleman - Nineteen-Thousand-Five-Hundred-Dollars ($19,500.00); (ii) Hicks -

Nineteen-Thousand-Five-Hundred-Dollars ($19,500.00); (iii) Nelson - Eleven-

Thousand-Five-Hundred-Dollars ($11,500.00).  Plaintiffs agree and understand

that Gentiva shall issue them Form W-2's with respect to the amounts described

in this paragraph.

b.      In consideration of Plaintiffs' covenants and promises with respect to

Section VII of this Settlement Agreement concerning confidentiality and non-

disparagement, Gentiva shall issue separate checks to Plaintiffs in the additional

3

following amounts:   (i) Alleman - Twelve-Thousand-One-Hundred-Fifteen-Dollars and Forty-One-Cents ($12,115.41); (ii) Hicks - Twelve-Thousand-One-Hundred-Fifteen-Dollars and Forty-One-Cents ($12,115.41); (iii) Nelson - Seven-Thousand-Thirty-Dollars and Forty-One-Cents ($7,030.41).   Gentiva shall issue each Plaintiff a Form 1099 with respect to the amounts described in this paragraph.   Plaintiffs understand and agree that Gentiva is not withholding any taxes or other amounts from the payments set forth in this paragraph and Plaintiffs shall be solely responsible for all such taxes.

c.      Gentiva shall issue to Plaintiffs' Counsel a separate check in the amount of Thirty-Six-Thousand-Fifty-Three-Dollars and Seventy-Seven Cents ($36,053.77) made payable to Orr Brown Johnson LLP for alleged attorneys' fees and costs. Gentiva shall issue a Form 1099 to Plaintiffs' Counsel with respect to the amount described in this paragraph.

9.      The Settlement Payment checks will be sent to Plaintiffs' Counsel within ten (10) days after the Court has approved this Settlement Agreement and the Action has been dismissed, with prejudice, without costs or fees to any Party.

10.     **PLAINTIFFS ACKNOWLEDGE AND AGREE THAT GENTIVA HAS MADE NO REPRESENTATIONS TO THEM REGARDING THE TAX CONSEQUENCES OF ANY AMOUNTS RECEIVED BY THEM OR PLAINTIFFS' COUNSEL PURSUANT TO THIS SETTLEMENT AGREEMENT. EACH PLAINTIFF AND PLAINTIFFS' COUNSEL SHALL BE RESPONSIBLE FOR ALL SUCH TAX CONSEQUENCES, INCLUDING ANY FINES OR PENALTIES EVER ASSESSED BY**

**THE IRS OR ANY OTHER TAXING AUTHORITY WITH RESPECT TO THE PAYMENTS RECEIVED BY HIM, HER, OR IT.**

## IV.
## WAIVER OF RE-EMPLOYMENT

11.     Plaintiffs represent that they do not desire re-employment with Gentiva or any of its Affiliates and hereby waive any rights they may otherwise have to employment with Gentiva or its Affiliates.  Plaintiffs further agree and promise that they will not at any time seek employment with Gentiva or any of its Affiliates.  Plaintiffs agree that this Settlement Agreement shall constitute a complete and absolute bar to any and all claims by Plaintiffs related to any and all refusals by Gentiva or any of its Affiliates to employ Plaintiffs, and shall serve as good cause, non-retaliatory and non-discriminatory grounds for failure to hire them.  If Plaintiffs are inadvertently hired by any Gentiva or an Affiliate, Plaintiffs covenant that they will resign their employment immediately after receiving notice, and that this Settlement Agreement shall constitute good cause, non-retaliatory and non-discriminatory grounds for immediate termination of employment.  Plaintiffs further acknowledge that the intent of this Settlement Agreement is that the Parties, including Released Parties, unequivocally and irrevocably separate all relations from each other, henceforth and forevermore.  For purposes of this paragraph only, Gentiva's Affiliates means Gentiva's direct and indirect subsidiaries, which are set forth on the list attached as Appendix "1" to this Settlement Agreement.

## V.
## RELEASE OF CLAIMS AND OTHER REPRESENTATIONS BY PLAINTIFFS

12.     In consideration of the Settlement Payment and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiffs, their

personal representatives, heirs, successors and assigns, hereby fully, forever, and finally release and discharge the Released Parties from all claims asserted in the Action and any and all claims, demands, actions, causes of action, administrative actions, charges, damages, judgments, or suits at law or equity, of whatsoever kind or nature, including, but not limited to, all claims and/or demands for backpay, overtime pay, retirement benefits, front pay, unpaid commissions, group insurance or employee benefits, injunctive relief, compensatory or emotional distress damages, punitive damages, attorneys' fees, costs, and all other forms of relief arising out of or in any way connected with, directly or indirectly, any act, omission. or state of events that has occurred during the Released Period. Plaintiffs acknowledge, understand and agree that, by executing this Settlement Agreement, they are releasing all of the Released Parties from any and all claims, including, but not limited to, any claims arising under Title VII of the Civil Rights Act of 1964, as amended; the Pregnancy Discrimination Act, as amended; the Rehabilitation Act of 1973, as amended; the Americans with Disabilities Act of 1991, as amended; the Employee Retirement Income Security Act of 1974, as amended; the Equal Pay Act of 1963, as amended; the Lilly Ledbetter Fair Pay Act; the Consolidated Omnibus Budget Reconciliation Act ("COBRA"); the American Recovery and Reinvestment Act of 2009 (amending COBRA); the Civil Rights Act of 1866; the Civil Rights Act of 1871; the Genetic Information Nondiscrimination Act of 2008; the Family and Medical Leave Act; the Workers Adjustment and Retraining Notification Act; the Immigration Reform and Control Act, as amended; the Fair Credit Reporting Act; the Sarbanes-Oxley Act of 2002; the Fair Labor Standards Act; all claims under any employment, contract, tort or civil rights laws, including, but not limited to, any claims of wrongful discharge, discrimination, retaliation, breach of contract, defamation, assault, battery, negligent hiring,

negligent retention, negligent supervision, intentional infliction of emotional distress, negligence, and other personal injury laws; claims arising under any federal, state, or local statute, regulation, constitution, or other law; claims under any workers' compensation laws; and any other claims or charges arising during the Released Period, whether known or unknown, fixed or contingent.

13.     Plaintiffs covenant and agree to never initiate any lawsuit, administrative proceeding, arbitration, or other dispute resolution process related to any of the Released Claims.

14.     Plaintiffs represent and warrant that, other than the Action, they have not filed or otherwise initiated any legal action or administrative proceeding of any kind against any of the Released Parties and have no knowledge that any such legal action or administrative proceeding related to the Released Claims has been filed or otherwise initiated or is contemplated or threatened by any other person or entity.  Plaintiffs also hereby irrevocably and unconditionally waive and relinquish any right to seek or recover any monetary relief or other individual remedies for or on account of any of the Released Claims whether for Plaintiffs, as a representative, or on behalf of others.

## VI.
## INDEMNITY

15.     Each Plaintiff agrees that he or she shall indemnify and hold harmless the Released Parties from and against any liability or loss, and for any reasonable costs, expenses (including attorneys' fees), judgments, or settlements, based on or arising out of (a) any breach of this Settlement Agreement by that Plaintiff; (b) any back taxes, penalties, or fines that may be assessed by the IRS or any other taxing authority as a result of any payments made to that Plaintiff pursuant to this Settlement Agreement; and (c) any future lawsuits or administrative proceedings involving any of the Released Claims.

## VII.
## CONFIDENTIALITY AND NO DISPARAGEMENT

16.     Plaintiffs acknowledge and agree that they have maintained and will continue to maintain the confidentiality of these settlement proceedings, as well as the terms of the Settlement Agreement.  Except as expressly permitted in paragraphs 17-18 below, from and after February 18, 2011, Plaintiffs have not and will not disclose, reveal, publish, disseminate, or discuss, directly or indirectly, to or with any person (except Plaintiffs' Counsel), including, but not limited to, all current and former Gentiva employees, anything regarding the Settlement Agreement, the Action, or any facts related thereto except to the extent necessary in any legal proceeding involving the enforcement of this Settlement Agreement or as is otherwise required by law.

17.     The confidentiality agreement set forth in this Section VII shall not be deemed to be breached by Plaintiffs' disclosure of this document and/or the terms of this Settlement Agreement to their spouses, accountants, tax preparers, attorneys, financial planners, or the IRS or other taxing authorities, in each case as may be necessary for Plaintiffs to receive financial or legal advice or to make required disclosures related to these settlement proceeds.  In the event of such disclosure, the Plaintiff making such disclosure shall inform the individual of the confidentiality clause and request that the individual maintain the confidentiality of the disclosed information.

18.     If any Plaintiff is subpoenaed before any judicial body for proceedings in which the terms of the Settlement Agreement are at issue or might otherwise be revealed, such Plaintiff shall provide Gentiva with notice of same within five (5) days of service so that Gentiva may move to quash such subpoena prior to the disclosure.  The disclosure of the terms of this

8

Settlement Agreement or any other information deemed confidential by this Section VII in response to a valid subpoena will not operate as a breach of the Confidentiality Agreement, provided the disclosing Plaintiff provides Gentiva with the timely notice required by this paragraph prior to disclosure and provided that the subpoena is not issued by any of the Plaintiffs or their current or future counsel, and is not issued at any Plaintiffs' suggestion.

19.     With regard to any inquiries concerning the Action, Plaintiffs agree to respond only that **"the matter has been resolved."**

20.     Plaintiffs further agree that they shall not disparage Gentiva or any of the other Released Parties in any manner, including, but not limited to, making any negative comments about Gentiva, its employees, its customers, its services, or any of the other Released Parties.  In the event that Gentiva's human resources department receives a reference request about any of the Plaintiffs' employment with Gentiva, Gentiva shall only confirm the dates of employment and the Plaintiff's position.

## VIII.
## DISMISSAL WITH PREJUDICE

21.     Within five (5) days of the date this Settlement Agreement becomes fully executed by all Parties, the Parties, through their counsel, shall jointly request the Court approve this Settlement Agreement and dismiss with prejudice the Action.

## IX.
## MUTUAL FULL COOPERATION

22.     The Parties agree to cooperate fully with each other to obtain the Court's approval of the Settlement Agreement and cause the Action to be dismissed with prejudice.  The Parties shall use all reasonable efforts, including all efforts contemplated by this Settlement Agreement

and any other reasonable efforts that may become necessary, to effectuate such outcomes.

## X.
## NO PRIOR ASSIGNMENTS

23.     Plaintiffs represent, covenant, and warrant that none of them have directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any Released Claim.

## XI.
## NO ADMISSION

24.     Nothing contained in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Gentiva or any other Released Party and Gentiva expressly denies any such liability.  Each of the Parties has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expense.  This Settlement Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

## XII.
## FILING UNDER SEAL

25.     In the event any Party files an action to enforce this Settlement Agreement, before filing the Settlement Agreement with the court, such Party shall take all steps available to it to seek to cause the Settlement Agreement to be filed under seal.  The Parties agree to jointly request that the Court approve this Settlement Agreement without requiring the Settlement Agreement to be filed in the Court's records.

## XIII.
## NOTICES

26.    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

| To Plaintiffs: | To Gentiva: |
|---|---|
| Spence Johnson, Esq.<br>ORR BROWN & JOHNSON, LLP<br>P.O. Box 2944<br>Gainesville, Georgia 30503 | Todd D. Wozniak, Esq.<br>GREENBERG TRAURIG, LLP<br>3290 Northside Parkway NW<br>The Forum, Suite 400<br>Atlanta, Georgia 30327 |

## XIV.
## CONSTRUCTION

27.    The Parties agree that the terms and conditions of this Settlement Agreement are the result of arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of this Settlement Agreement.

## XV.
## CAPTIONS AND INTERPRETATIONS

28.    Paragraph titles or captions contained in this Settlement Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any provision.   Each term of this Settlement Agreement is contractual and not merely a recital.

## XVI.
## MODIFICATION

29.     This Settlement Agreement may not be changed, altered, modified, or waived except in a writing signed by all Parties.  This Settlement Agreement may not be discharged except by performance in accordance with its terms.

## XVII.
## INTEGRATION CLAUSE

30.     The Parties acknowledge and agree that this Settlement Agreement constitutes a full, final, and complete settlement of the subject matter hereof and supersedes and replaces any and all other written or oral exchanges, agreements, understandings, arrangements, or negotiations between them relating to the subject matter hereof, and affirmatively state that there are no other prior or contemporaneous agreements, exchanges, representations, arrangements, or understandings, written or oral, between them relating to the subject matter hereof other than that as set forth herein, and that this Settlement Agreement contains the sole and entire agreement between them with respect to the subject matter hereof.   Plaintiffs and Gentiva further acknowledge and agree that language proposed for, deleted from, or otherwise changed in any drafts of this Settlement Agreement but not included herein shall not in any way affect the rights and obligations of the Parties.

## XVIII.
## BINDING ON ASSIGNS

31.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns. Plaintiffs may not assign any of their duties or responsibilities under this Settlement Agreement.

## XIX.
## COUNTERPARTS

32.     This Settlement Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

## XX.
## GOVERNING LAW

33.     The Parties agree that this Settlement Agreement shall be interpreted, construed, and enforced in accordance with the substantive laws of the State of Georgia, without reference to conflict of law principles.

## XXI.
## SEVERABILITY

34.     Should any provision of this Settlement Agreement be found invalid or unenforceable for any reason by a court with jurisdiction over the interpretation of this Settlement Agreement, such finding shall not invalidate or make unenforceable any other provision of the Settlement Agreement or affect in any way whatsoever the validity or enforceability of the Settlement Agreement as a whole.  Notwithstanding the foregoing, if the Court fails or refuses to approve this Settlement Agreement, then the Settlement Agreement shall be null and void.

## XXII.
## PLAINTIFFS' REPRESENTATIONS

35.    Plaintiffs understand and agree:

a.    They each have the right to consult with legal counsel regarding this Settlement Agreement and represent they have consulted with Plaintiffs' Counsel with regard to this Settlement Agreement;

b.    They each are entering into this Settlement Agreement freely and voluntarily and not as a result of any coercion, duress or undue influence;

c.    They each are not relying upon any oral representations made to them regarding the subject matter of this Settlement Agreement;

d.    This Settlement Agreement provides additional consideration to which they were not already entitled; and

e.    They each have received all information they require in order to make a knowing and voluntary release and waiver of all claims Plaintiffs may have or claim to have against the Released Parties.

## XXIII.
## PLAINTIFFS' COUNSEL'S REPRESENTATIONS

36.    Plaintiffs' Counsel represents:

a.    Plaintiffs' Counsel has advised each of the Plaintiffs regarding the terms and effect of this Settlement Agreement and each of the Plaintiffs is entering into this Settlement Agreement knowingly, voluntarily, and with full knowledge of the terms and conditions of the Settlement Agreement; and

b.     With the exception of Plaintiffs, Plaintiffs' Counsel do not currently represent any current or former employees of Gentiva and, in the last twelve (12) month, have not, to their knowledge, been asked to represent any current or former employees of Gentiva.

[SIGNATURES ON FOLLOWING PAGE]

IN WITNESS WHEREOF, the parties hereto have executed this Settlement Agreement as of the Execution Date.

_Nelson Alleman_
Nelson Alleman

Date: _4-11-11_

_Angie Hicks_
Angie Hicks

Date: _4-13-11_

_Odell Nelson_
Odell Nelson, Jr.

Date: _4/11/11_

Gentiva Health Services, Inc.

By: _Tony Strange_

Its: _____

Date: _4-19-2011_

16

**Appendix "1"**

Subsidiaries of Gentiva Health Services, Inc.

Access Home Health of Florida, Inc.
Capital CareResources of South Carolina Inc.
Capital CareResources, Inc.
Capital Health Management Group, Inc.
CareNation, Inc.
Chattahoochee Valley Home Care Services, Inc.
Chattahoochee Valley Home Health, Inc.
CHMG Acquisition Corp.
CHMG of Atlanta, Inc.
CHMG of Columbus, Inc.
CHMG of Griffin, Inc.
Commonwealth Home Care, Inc.
Eastern Carolina Home Health Agency, Inc.
ECT, Inc.
Family Hospice, Ltd.
FHI GP, Inc.
FHI Health Systems, Inc.
FHI LP, Inc.
FHI Management, Ltd.
Gentiva Certified Healthcare Corp.
Gentiva Health Services (Certified), Inc.
Gentiva Health Services (USA), Inc.
Gentiva Health Services Holding Corp.
Gentiva Insurance Corporation
Gentiva Rehab Without Walls, LLC
Gentiva Services of New York, Inc.
Gilbert's Home Health Agency, Inc.
Gilbert's Hospice Care of Mississippi, LLC
Gilbert's Hospice Care, LLC
Healthfield Care at Home, Inc.
Healthfield Home Health of Athens, Inc.
Healthfield Home Health of Augusta, Inc.
Healthfield Home Health of North Georgia, Inc.
Healthfield Home Health, Inc.
Healthfield Hospice Services, Inc.
Healthfield of Southwest Georgia, Inc.
Healthfield of Statesboro, Inc.
Healthfield of Tennessee, Inc.
Healthfield Operating Group, Inc.
Healthfield Rehab, Inc.
Healthfield Services of Tennessee, Inc.
Healthfield, Inc.

Home Health Care Affiliates of Central Mississippi, LLC
Home Health Care Affiliates of Mississippi, Inc.
Home Health Care Affiliates, Inc.
Home Health Care of Carteret County, Inc.
Horizon Health Network LLC
Kimberly Home Health Care, Inc.
Mid-South Care Services, Inc.
Mid-South Home Care Services, Inc.
Mid-South Home Care Services, LLC
Mid-South Home Health Agency, Inc.
Mid-South Home Health Agency, LLC
Mid-South Home Health of Gadsden, Inc.
New York Healthcare Services, Inc.
Odyssey HealthCare Austin, LLC
Odyssey HealthCare Detroit, LLC
Odyssey HealthCare Fort Worth, LLC
Odyssey HealthCare GP, LLC
Odyssey HealthCare Holding Company
Odyssey HealthCare LP, LLC
Odyssey HealthCare Management, LP
Odyssey HealthCare of Augusta, LLC
Odyssey HealthCare of Collier County, Inc.
Odyssey HealthCare of Flint, LLC
Odyssey HealthCare of Hillsborough County, Inc.
Odyssey HealthCare of Kansas City, LLC
Odyssey HealthCare of Manatee County, Inc.
Odyssey HealthCare of Marion County, Inc.
Odyssey HealthCare of Northwest Florida, Inc.
Odyssey HealthCare of Pinellas County, Inc.
Odyssey HealthCare of Savannah, LLC
Odyssey HealthCare of South Texas, LLC
Odyssey HealthCare of St. Louis, LLC
Odyssey HealthCare Operating A, LP
Odyssey HealthCare Operating B, LP
Odyssey HealthCare, Inc.
OHS Service Corp.
Partnersfirst Management, Inc.
PHHC Acquisition Corp.
QC-Medi-New York, Inc.
QHR Southwest Business Trust
Quality Care-USA, Inc.
Quality Managed Care, Inc.
Quantum Care Network, Inc.
Quantum Health Resources, Inc.
Tar Heel Health Care Services, Inc.

Tar Heel Staffing, Inc.
The Healthfield Group, Inc.
The Hug Center of Atlanta, Inc.
The IV Clinic II, Inc.
The IV Clinic III, Inc.
The IV Clinic, Inc.
Total Care Home Health of Louisburg, Inc.
Total Care Home Health of North Carolina, Inc.
Total Care Home Health of South Carolina, Inc.
Total Care Services, Inc.
Van Winkle Home Health Care, Inc.
Vista Hospice Care, Inc.
VistaCare of Boston, LLC
VistaCare USA, Inc.
VistaCare, Inc.
Wiregrass Hospice Care, Inc.
Wiregrass Hospice LLC
Wiregrass Hospice of South Carolina, LLC